Bruce A. Palmer v. Commissioner.
Palmer v. Commissioner
Docket No. 56953.
United States Tax Court
T.C. Memo 1957-19; 1957 Tax Ct. Memo LEXIS 227; 16 T.C.M. (CCH) 94; T.C.M. (RIA) 57019; January 31, 1957
Bruce A. Palmer, Star Route, Spooner, Wis., pro se. Richard G. Worden, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax of $174 for 1951 and $200 for 1952. The questions for decision are the amount of a fire loss sustained in 1950 and whether the amount of the loss must first be carried back and applied against taxable income in 1949 before being carried forward to the years 1951 and 1952. Findings of Fact Petitioner is an individual residing at Spooner, Wisconsin. He filed his Federal income tax returns for the years 1949 to 1952 inclusive, with the collector of internal revenue for the district of Wisconsin. During all of the years 1949 to 1952 inclusive, *228 petitioner was employed by his father to assist in the management and operation of a summer resort owned by his father and mother. His wages were $1,616 in each of the years 1949, 1950 and 1951 and $1,766 in 1952. Petitioner had no other employment and reported no other income than the wages received from his father for any of the years 1949 to 1952, except for the latter year when he reported income of $107 from odd jobs. His income was reported on a cash basis. During the above years and going back to 1935, petitioner accumulated tools and supplies of various kinds which he used in his employment and which he intended to use at some future date when he went into business for himself. Some of the tools had been purchased new and others were purchased second-hand and were subsequently reconditioned by petitioner. On February 14, 1950, a fire occurred in a workshop belonging to petitioner's parents and certain of the tools and equipment belonging to petitioner were destroyed. No insurance was received covering any portion of the loss. Petitioner did not claim depreciation in any year on any of the property which was destroyed. On one item depreciation was claimed by his mother *229 for three years on returns covering his parents' resort business. In his individual income tax return for the year 1950, petitioner reported a longterm capital loss of $4,814, deducted $1,000 of said amount from income in that year, and carried forward as a deduction from income in each of the years 1951 and 1952 $1,000 of the loss. Petitioner did not carry back any portion of the loss to the year 1949. The Commissioner disallowed the deductions for the years 1951 and 1952 on the basis that petitioner had sustained a casualty loss as defined by section 23(e) of the Internal Revenue Code of 1939, no part of which would be deductible in computing taxable income in either 1951 or 1952 and increased taxable income in each year by $1,000. In his petition, petitioner alleges a 1950 business net operating loss of $3,998.02 as a result of the fire. Petitioner's loss in 1950 did not exceed $1,616. Opinion Petitioner has tried and argued his case pro se. He has done so with candor, vigor and an earnest effort to understand the questions involved. Nevertheless we must decide against him. The Commissioner admits that petitioner was engaged in a trade or business and did sustain *230 a net operating loss in 1950. He contends however, that petitioner has failed to prove a loss in any amount in excess of $1,616 and that the effective provisions of the Internal Revenue Code require that the loss be first applied against business income in 1950, and that any excess be then carried back to 1949 before any part thereof can be carried forward to 1951 and 1952. On the issue of the amount of the loss the evidence is most unsatisfactory. At the trial petitioner offered an account book which was received over objection and entered as Exhibit No. 1. Upon further examination it was found that the book could not meet the ordinary tests of admissibility - i.e., entries were not made contemporaneously with the transactions they reflected; and, further, many of the entries related to transactions which were supported by receipts and other documents which themselves would be the best evidence. Recognizing this petitioner on brief concedes that "it does not meet the requirements of the court and it is desired that it therefore be withdrawn from evidence." With respect to the other proof petitioner states in his brief - "the taxpayer wishes to point out that the Revenue Service *231 is quite right in its assertion that the taxpayer has failed to prove any loss beyond the $1,616.00 mentioned. More than this the taxpayer has failed to prove any loss at all since he has failed to prove that one single item listed was actually destroyed in the fire. Yet the Revenue Service has been quite willing to take the taxpayer's word that the property was so destroyed as long as he can show receipts verifying an original purchase, even though the property might have never been near the fire." On this record we can make no other finding than that petitioner's 1950 loss was not in excess of $1,616. With respect to the second issue, section 122(b)(1)(B) expressly provides that a taxpayer's net operating loss for a taxable year beginning after 1949 shall be a "loss carryback for the preceding taxable year." This requirement has not been met by petitioner. Petitioner reported a total income of $3,232 for the years 1949 and 1950. His proven loss in 1950 was but $1,616. Under the statute only that part of the loss in excess of $3,232 could be carried forward to the years in question, 1951 and 1952. It is apparent under the facts here that petitioner has no loss carryover available *232 for either 1951 or 1952. Despite petitioner's earnest request that we find some equitable method by which he may not be deprived of the full tax advantage of his loss we can do nothing in this case but sustain the Commissioner. Decision will be entered for the respondent.